Concetta **SILVESTRO**

v.

Angelo **ALMONTE III.**

No. 83–207–M.P.

Supreme Court of Rhode Island.

Nov. 30, 1984.

Dennis J. Roberts II, Atty. Gen.; Marilyn F. McGair, Sp. Asst. Atty. Gen., for respondent.

Michael V. Milito, John W. Dineen, R.I. Legal Services, Providence, for petitioner.

## OPINION

WEISBERGER, Justice.

This is a petition for certiorari that seeks review of a decision by a justice of the District Court denying the authority of that court to waive filing fees for the bringing of a civil action by an indigent plaintiff. We hold that the District Court has inherent discretionary power to waive a filing fee for an indigent plaintiff in the event that a justice of said court determines the plaintiff's claim to be meritorious. The facts of the case insofar as they are pertinent to this petition are as follows.

The petitioner receives supplemental social security income due to a medical disability. She entered into a rental agreement for certain residential premises owned by respondent. In connection with this rental agreement, she deposited with respondent the sum of $180 to secure her faithful performance of her obligations under the rental agreement.

The petitioner also claims that respondent was obliged under the rental agreement to furnish her with utility services. In violation of this obligation, he failed to pay his electric bill in April 1982 and, consequently, electric service to petitioner's apartment was terminated. Thereafter, petitioner and respondent agreed in writing that petitioner would open an account in her own name in order to achieve reinstatement of the service and that respondent would reimburse her for all amounts paid for such electric service. The petitioner claims that respondent did not reimburse her for the amounts paid for electric bills and that when she vacated the premises in July 1982, respondent failed to return her security deposit or to send a written itemization of damages that might justify the retention of said deposit.

She sought to file an action in the District Court in order to recover these sums but claimed that she was unable to pay the filing fee of $15. She made a motion to proceed *in forma pauperis,* but this motion was denied on the ground that "the District Court lacks authority to grant the motion."

■ We are of the opinion that the principles enunciated in *Jones v. Aciz,* 109 R.I. 612, 289 A.2d 44 (1972), are dispositive of this petition. In that case we held that "[t]he District Court has inherent power, at common law, to waive the costs of appeal by an indigent defendant * * *." *Id.* at 622, 289 A.2d at 50. Although the action was for possession of a tenement, we specifically stated that the decision would apply with equal force to costs of appeal in any civil action in the District Court. We stated that such power is a necessary adjunct to the exercise of judicial power and that it would be unthinkable that under our system the contrary could be true. *Id.*

In coming to this conclusion, we cited *Martin v. Superior Court,* 176 Cal. 289, 293–94, 168 P. 135, 137 (1917), wherein the Supreme Court of California observed:

the power of the English common-law courts to remit fees on petition *in forma pauperis* did not have its origin in any statute, but was in fact exercised as one of the inherent powers of the courts themselves, quite independently of statute. And this one would naturally expect to find since, imperfect as was the ancient common-law system, harsh as it was in many of its methods and measures, it would strike one with surprise to be credibly informed that the common-law courts of England shut their doors upon all poor suitors who could not pay fees, until parliament came to their relief.

In making this observation, the Supreme Court of California held that trial courts in that state had the inherent power, derived from common law usage, to permit an indigent civil litigant to bring suit *in forma pauperis.* This court applied the reasoning of the California court in holding that there was inherent power to waive the cost of appeal for an indigent. A fortiori, our reasoning in *Jones v. Aciz* would have been equally applicable to the waiving of filing fees or other court fees incident to the commencement or prosecution of a civil action. That, of course, was the precise subject upon which the holding of *Martin v. Superior Court, supra,* was based (deposit of jury fees as condition precedent to filing).

We went on to cite statutes of 11 Hen. VII, ch. 12 at 60–61 (1494), and a statute of Elizabeth I that in 1603 expressly authorized waiving of fees. It was further suggested that these statutes were part of the common law of this state. *Jones v. Aciz,* 109 R.I. at 622–23, 289 A.2d at 50.

■ We analogized from the holding of *Spalding v. Bainbridge,* 12 R.I. 244 (1879), that inherent power existed to waive surety for costs which could not be paid by an indigent. The inherent judicial power to waive statutory fees or costs in an appropriate case has long been recognized at common law and must exist in this state. Consequently, we are of the opinion that such inherent power resides in the District Court to waive filing fees as well as appeal costs or other costs that may be provided by statute.

■ Nevertheless, we recognized, as this court did in *Jones v. Aciz,* that this is a discretionary power and that the District Court has the concomitant authority to prevent abuses by imposing reasonable conditions upon the filing of cases or the taking of appeals. In that case we cited *Majors v. Superior Court,* 181 Cal. 270, 184 P. 18 (1919), which described the scope of judicial discretion in this area and stated that it

should be exercised with a view to confine the privilege most strictly to those who, having a substantial right to enforce or preserve, are absolutely unable otherwise to so do, and who, once having been admitted to proceed *in forma pauperis,* diligently pursue a course free

from unreasonable delay or vexatious conduct of any kind. *Id.* at 280, 184 P. at 22.

We believe that the principles enunciated in *Majors* are equally applicable to the exercise of discretion by the District Court in respect to filing fees. One who seeks to be absolved or excused from the payment of a filing fee by reason of indigence must sustain the burden of proving that he or she is "absolutely unable" to provide such a fee. The determination must be made in the light of the income available to the alleged indigent just as it may relate to the size of the fee to be paid. Consideration may be given to the payment of such a fee by installments or to the ability of counsel to lay out such costs subject to being repaid by the client over a period of time as permitted by DR 5–103(B) of the Disciplinary Rules of this court.

■ In every instance the burden of proving indigence in relation to the payment of the required filing fee or other element of cost is upon the party seeking such relief. *See State v. Byrnes*, 122 R.I. 110, 404 A.2d 495 (1979).

■ The state, in arguing against such inherent power, cites G.L. 1956 (1969 Reenactment) § 9–29–14, which purports to exempt the Legal Aid Society of Rhode Island from the requirement of paying filing fees or other court costs in either the Superior or the District Courts of this state. It is suggested that this statute precludes the waiving of such costs for other indigents. We are not persuaded by this argument and believe that this statute simply creates a specific presumption that clients of the Legal Aid Society have been determined to be unable to pay such costs. Although such a statutory presumption does not exist in regard to other allegedly indigent litigants, this statute clearly does not prevent the District Court from making such a determination on the basis of the facts presented to it. Indeed, grave constitutional issues might be raised if the Legislature purported to grant relief to indigents who were fortunate enough to be represented by the Legal Aid Society and not to indigents who might be represented by other counsel or not be represented at all.

■ The state cites § 9–29–14.1, as enacted by P.L.1974, ch. 58, § 1, which exempts the state from the paying of filing fees. We do not consider this statute to be pertinent to the instant controversy since the exemption of the state or its agencies from the payment of filing fees and other court costs is obviously based not upon any purported indigence but upon a legislative determination that it would be inefficient and possibly incongruous to require one state agency to make payments for services to another agency of the state. Neither of these statutes in any way detracts from our holding or reasoning in *Jones v. Aciz, supra.*

■ We are mindful of the argument of the Attorney General that a filing fee of $15 is far less substantial than the appeal costs that were involved in *Jones.* Nevertheless, the quantitative difference is a matter which the District Court may address in determining the question of indigence in relation to the facts of a particular case. In short, one who may be indigent in respect to substantial financial requirements may not be unable to pay a small fee. This will be one of the elements that the District Court may consider in the exercise of the discretionary power recognized in this opinion.

■ We would also caution counsel for plaintiff in this case, a representative of Rhode Island Legal Services, that it is the responsibility of counsel employed by that agency to represent its clients as individuals and not merely to seek to establish an abstract principle to the disadvantage of such a client. Thus, in determining whether to seek review of a District Court's exercise of its discretion in regard to waiver of a filing fee, counsel must balance the best interests of the client, including his or her ability to pay over a period of time, against the establishment of a principle relating to indigence.

It should also be noted that a cost that is recoverable against a nonindigent defendant should be recovered for the benefit of the state, even under circumstances in which an indigent plaintiff has been absolved from the necessity of paying such cost or fee at the initiation of the action.

For the reasons stated, the petition for certiorari is granted, the decision of the District Court negating its authority to waive filing fees for indigent plaintiffs in an appropriate case is hereby quashed, and the papers in the case are remanded to the District Court with our decision endorsed thereon.

KELLEHER, J., concurs in the result.