**CHRYSLER FIRST FINANCIAL SERVICES CORP.**

v.

**Peter VAN DAAM et al.**

**No. 91–77–M.P.**

Supreme Court of Rhode Island.

March 11, 1992.

Peter Van Daam, pro se.

Lloyd A. Rustigian, Rustigian & Helliew, Providence, for defendant.

OPINION

KELLEHER, Justice.

This dispute is before us on a petition for the issuance of a writ of certiorari by the plaintiff, Chrysler First Financial Services Corporation. The plaintiff seeks review of a District Court judge's order that waived the costs involved in appealing a judgment in a tenant-eviction action from District Court to the Superior Court without providing for a hearing as requested by the plaintiff.

This controversy originated in 1988 when plaintiff brought a tenant-eviction action against Peter Van Daam (Van Daam). On December 7, 1988, a judge of the District Court entered judgment against Van Daam because of his steadfast refusal to cooperate with the discovery process. Van Daam sought to appeal the judgment entered against him to the Superior Court, and the District Court judge assessed the costs of such an appeal to Van Daam pursuant to G.L.1956 (1985 Reenactment) § 9–12–10.1, as amended by P.L.1986, ch. 200, § 6, which provides in pertinent part that a party who claims an appeal to the Superior Court from a judgment of possession "shall pay to the clerk all costs including an attorney's fee of fifty dollars ($50.00) for the party or parties adversely interested in the judgment." At that time Van Daam made no claim of indigence and failed to pay the costs of his appeal as assessed by the District Court judge.

In the Superior Court plaintiff's motion to dismiss Van Daam's appeal was granted by the trial justice. Van Daam then pursued his appeal to this court where we denied and dismissed the appeal, holding that Van Daam did not have standing to bring an appeal in the Superior Court because he had not met the threshold requirements by paying the appeal costs as prescribed by § 9–12–10.1. *Chrysler First Financial Services Corp. v. Van Daam*, 566 A.2d 390, 391 (R.I.1989), *cert. denied*, 495 U.S. 936, 110 S.Ct. 2182, 109 L.Ed.2d 511 (1990).

The unknowing or unsuspecting would have thought that this litigation had run its course; however, Van Daam demonstrated his penchant for protracted litigation by revisiting the District Court on December 27, 1989, and filing a motion to vacate the judgment entered against him on December 8, 1988. Such motion was made pursuant to Rule 60(b) of the District Court Civil Rules. A second motion to vacate was filed by Van Daam on January 18, 1990. This motion was denied by a judge of the District Court, who found that Van Daam had missed the one-year deadline for filing such a motion.

Van Daam sought to appeal the denial of his motion to vacate and filed a petition with the District Court, requesting that the appeal costs prescribed by § 9–12–10.1 be waived. Van Daam also signed an unsworn statement claiming indigency. The District Court judge granted Van Daam's request to proceed in forma pauperis and entered an order ex parte waiving the appeal costs.

In the Superior Court a trial justice granted plaintiff's motion to dismiss Van Daam's appeal on the grounds that the District Court judge did not conduct a hearing, as requested by plaintiff, before granting Van Daam the privilege to appeal in forma pauperis. Accordingly the case was remanded to District Court for an evidentiary hearing regarding whether Van Daam should be allowed to proceed in forma pauperis.

■ With the return of the dispute to the District Court, Van Daam again filed a motion to vacate the original default judgment entered against him. On February 5, 1991, a District Court judge again denied Van Daam's motion to vacate on the ground that it was filed out of time. Van Daam again petitioned the District Court to waive appeal costs, and plaintiff requested a full hearing so that he could cross-examine Van Daam with respect to his claim of indigency. The District Court judge refused to order a hearing and noted that he knew of no case law in Rhode Island that requires a hearing to determine whether a person is indigent for the purpose of waiving appeal costs pursuant to § 9–12–10.1. Accordingly an order was entered waiving Van Daam's appeal costs. The plaintiff then petitioned this court for writ of certiorari to address the issue of whether one is entitled to an evidentiary hearing when a defendant in an action for possession of tenements claims indigency and requests that the costs of appeal as prescribed by § 9–12–10.1 be waived.

This court has held that the District Court has inherent power at common law to waive the costs of appeal required to be paid in the case of an indigent defendant in an action for possession of tenements. *Jones v. Aciz*, 109 R.I. 612, 289 A.2d 44 (1972). We have also stated, "One who seeks to be absolved or excused from the payment of a filing fee by reason of indigence must sustain the burden of proving that he or she is 'absolutely unable' to provide such a fee. * * * In every instance the burden of proving indigence in relation to the payment of the required filing fee or other element of cost is upon the party seeking such relief." *Silvestro v. Almonte*, 484 A.2d 900, 903 (R.I.1984). *See State v. Byrnes*, 122 R.I. 110, 404 A.2d 495 (1979). In *Kelly v. Kalian*, 442 A.2d 890 (R.I.1982), this court remanded a case to the Superior Court in order that the Superior Court might conduct an evidentiary hearing on the issue of the petitioner's indigency.

■ In the instant case Van Daam merely signed an unsworn statement [1] asserting that he was indigent. In light of the language cited above from the *Silvestro* case,

---

1. Although Van Daam's unsworn statement purports to be an "affidavit" it does not meet the requirements of such. Van Daam's unsworn statement merely contains the acknowledgment of a notary that Van Daam's signature is his free act and deed. The unsworn statement is devoid of an acknowledgment that the assertions made within are sworn to before a notary. We note that such an unsworn statement alone does not qualify as an affidavit and is insufficient to meet the threshold burden of proof a party must sustain in order to have the costs of appeal pursuant to G.L.1956 (1985 Reenactment) § 9–12–10.1, as amended by P.L.1986, ch. 200, § 6 waived by the District Court.

we believe that Van Daam has not sustained the burden of proving that he is absolutely unable to pay the cost of appeal as prescribed by § 9–12–10.1.

█ This court reaffirms the principle expressed in *Jones* that the District Court has the inherent power at common law to waive the costs of appeal required to be paid by an indigent defendant who appeals a judgment in an action for possession of tenements. However, the District Court must remain cognizant that the burden is upon the party appealing to prove that he or she is absolutely unable to pay the costs of appeal. Today we hold that when an adverse party requests an evidentiary hearing on the issue of a defendant's indigency with respect to the costs of appeal in an action for possession of tenements, the District Court is required to hold such a hearing before exercising its discretion with regard to waiving appeal costs. Such a hearing provides the party appealing with an opportunity to sustain his or her burden of proof concerning indigency and also gives the adverse party an opportunity to rebut assertions made by the party seeking to be excused from paying the cost of appeal. Consequently an evidentiary hearing will provide the District Court with a factual basis on which the judge may make a determination with respect to a claim of indigency.

Accordingly the plaintiff's petition for certiorari is granted, the order waiving appeal costs is vacated and the case is remanded to the District Court for an evidentiary hearing regarding Van Daam's indigency.