**Loretta M. SCARBOROUGH**

v.

**Thomas E. WRIGHT.**

**No. 2003–510–Appeal.**

Supreme Court of Rhode Island.

May 2, 2005.

Jeffrey C. Schreck, for Plaintiff.

Christopher M. Orton, Warwick, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, and ROBINSON, JJ.

## OPINION

**PER CURIAM.**

The plaintiff in this case is a disgruntled former client, and the defendant is her former attorney. The plaintiff appeals

---

from the Superior Court's grant of summary judgment in the defendant's favor on statute of limitations grounds. We affirm on grounds that were alluded to but not entirely relied upon by the motion justice.

The substantive issues that lie in the background of this appeal are: (1) the applicability of one or more of our tolling statutes to the legal malpractice claim of a plaintiff who alleged that she was outside of the United States on some allegedly pertinent dates; and (2) the determination of the accrual date of that plaintiff's alleged cause of action.

As intellectually tantalizing as those issues are and as helpful as their resolution might be to bench and bar, we need not reach either issue (or the underlying claim of malpractice) because of plaintiff's failure to have complied with a fundamental and crucially important procedural requirement.

Well before this action was commenced, the plaintiff in this case was a plaintiff in another civil action, in which the present defendant served as her attorney. That earlier civil action, which eventually gave rise to the instant legal malpractice case, was an action for adverse possession brought by plaintiff against Kickemuit River Company—an entity that owned property adjacent to plaintiff's property in Bristol, Rhode Island. Eventually becoming dissatisfied with the legal advice that she had received in that adverse possession case, plaintiff brought this action, alleging legal malpractice.

In due course, defendant in this legal malpractice action moved for summary judgment on statute of limitations grounds. The plaintiff opposed that dispositive motion by arguing that the running of the statute of limitations should have been tolled because she was allegedly outside of the United States when her cause of action accrued.

In opposing defendant's motion for summary judgment and in support of her claim that she was in fact outside the United States on the date of accrual, plaintiff submitted what she called an affidavit.[1] But it was not a competent or valid affidavit. The purported affidavit that plaintiff filed in this case was not notarized, and we therefore do not deem it to have constituted a sufficient affidavit for purposes of Rule 56 of the Superior Court Rules of Civil Procedure.[2]

An affidavit is a written statement that has been sworn to by the affiant before a person authorized to administer oaths.[3] Since a more precise definition

---

1. Pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, once the defendant in his motion for summary judgment had properly articulated and elaborated upon the legal defense of statute of limitations, plaintiff was required to establish that there was a factual basis for her claimed entitlement to tolling. *See generally Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir.1990). Subsection (c) of Rule 56 permits the party faced with a motion for summary judgment to file an affidavit in such a situation: "The adverse party prior to the day of hearing may serve opposing affidavits."

2. The definitional question before us (*viz.,* what constitutes an affidavit as that term is used in Rule 56) involves an issue of law, which we consider on a *de novo* basis. *Heflin v. Koszela,* 774 A.2d 25, 31 (R.I.2001).

3. *See Mugavero v. Kenzler,* 317 Ill.App.3d 162, 251 Ill.Dec. 46, 739 N.E.2d 979, 982 (2000) (noting that swearing to the truth of one's statement before a person with authority to administer oaths is an element of what constitutes an affidavit); *Evans v. Commonwealth,* 39 Va.App. 229, 572 S.E.2d 481, 485 (2002) ("An affidavit is a declaration in writing made by a person under oath and administered before a person authorized by law."); *see generally Perkins v. Crittenden,* 462 S.W.2d 565 (Tex.1970).

might prove useful in future situations, we are impressed by and hereby adopt the careful definition of the term "affidavit" that was formulated by the Supreme Court of Nebraska: "[W]e define an affidavit as a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *State v. Haase,* 247 Neb. 817, 530 N.W.2d 617, 618 (1995).[4]

The Supreme Judicial Court of Maine has succinctly and accurately summarized the important function served by affidavits in the summary judgment context: "It is the underlying purpose of the summary judgment process to expose a sham claim or untenable defense by requiring a party to commit himself under oath by an affidavit in support of the allegations in his pleadings." *Farrell v. Theriault,* 464 A.2d 188, 194 (Me.1983).[5]

In view of these considerations, we cannot countenance plaintiff's failure to have abided by the clear and specific language of Rule 56. We view plaintiff's opposition to defendant's motion for summary judgment as though it had been accompanied by *no* affidavit.[6] *See Roth v. Illinois Farmers Insurance Co.,* 202 Ill.2d 490, 270 Ill.Dec. 18, 782 N.E.2d 212, 216 (2002) ("An affidavit that is not sworn is a nullity."); *see also Chrysler First Financial Services Corp. v. Van Daam,* 604 A.2d 339, 341 n. 1 (R.I.1992) ("The unsworn statement is devoid of an acknowledgement that the assertions made within are sworn to before a notary. We note that such an unsworn statement alone does not qualify as an affidavit * * *.").[7] Accordingly, we

---

It is noteworthy that the term "affidavit" had essentially the same meaning in the law for a very long time. *See, e.g., Harris v. Lester,* 80 Ill. 307, 311 (1875) ("An affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths.").

4. Our legal system treats with great seriousness a statement that has been sworn to before a notary public. Statements sworn to in affidavits can have immensely serious consequences. *See, e.g., Huckin v. Connor,* 928 S.W.2d 180, 183 (Tex.App.1996) (holding that, since an affidavit "is a *sworn* document," the affiant's statements in an affidavit that he had submitted in an earlier case could serve as a basis for barring the affiant's later inconsistent statements pursuant to the doctrine of judicial estoppel); *see also In re Testa,* 489 A.2d 331, 335 (R.I.1985) ("Because the affidavit was sworn to before a notary public, the statements asserted therein were regarded as truthful and the document is therefore available as evidence of the facts stated.").

5. Our insistence that there be compliance with the affidavit requirement is not a symptom of pettifoggery. Procedural requirements like the affidavit requirement in Rule 56 usually are the product of careful deliberation, and they are intended to serve important

functions in a complex system whose ultimate goal is the achievement of justice. *See Farrell v. Theriault,* 464 A.2d 188, 194 (Me.1983) (noting the relationship between the affidavit requirement and the truth-seeking goal of our adversarial system of litigation). *Cf. McNabb v. United States,* 318 U.S. 332, 347, 63 S.Ct. 608, 87 L.Ed. 819 (1943) ("The history of liberty has largely been the history of observance of procedural safeguards.").

6. *See also Hough v. Weber,* 202 Ill.App.3d 674, 147 Ill.Dec. 857, 560 N.E.2d 5, 18 (1990) ("The so-called 'affidavit' was titled as such, signed by Dr. Noguchi, and had a declaration stating that the information given was 'upon oath.' However, there is no evidence that the statement was sworn to before any officer or was notarized; therefore, the statement must fail as an affidavit."); *City of San Juan v. Gonzalez,* 22 S.W.3d 69, 73 (Tex.App.2000) ("[T]he absence of a jurat is a substantive defect that can be raised for the first time on appeal and its absence renders the statement incompetent summary judgment evidence.").

7. The plaintiff did file a document which indicated that it had been signed by her "under the pain and penalties of perjury." Although such *declarations are recognized in some jurisdictions for some purposes,* our Rule 56

affirm the granting of summary judgment in defendant's favor.

A party seeking the sanctuary afforded by statutory tolling provisions is, by definition, already in an exceptional legal status. Such a party should be especially scrupulous about complying with the letter of the law while seeking that sanctuary. No plausible reason appears in the record as to why the plaintiff did not submit a proper affidavit in opposing the defendant's motion for summary judgment.

For these reasons, we affirm the Superior Court's summary judgment in the defendant's favor.

Justice FLAHERTY and Justice SUTTELL did not participate.

makes no provision for same, and we see no reason to deviate from the clear requirements of our rule.

To the extent that plaintiff's statement made under "the pain and penalties of perjury" represented a sort of promise that evidence would be offered at a later date as to her location at the time of accrual, that would not have been enough. *See Garside*, 895 F.2d at 49 ("[A] mere promise to produce admissible evidence at trial does not suffice to thwart the summary judgment ax.").