DECISION
 REGARDING ATTORNEYS FEES AND COSTS
Deborah L. Parker commenced this action against her former employers and supervisors seeking recovery of damages for an alleged violation of the Rhode Island Fair Employment Practices Act. Successful in her request for back pay on the constructive discharge count, she now moves for the award of attorneys' fees and costs.
The primary goal in awarding fees in employment discrimination actions is to establish fees encouraging victims to seek judicial relief.Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir., 1980). To be eligible, a plaintiff must be a "prevailing party"; that is, if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought. Hensley v. Eckerhart, 461 U.S. 424, 433
(1983) (quoting the First Circuit Court of Appeals). That is the situation at bar as Ms. Parker was found to have been constructively discharged and received an award accordingly.
Attorneys Rates Hensley set certain guidelines for calculating a reasonable attorney's fee under § 1988 noting "[the] most useful starting point for determining the amount of a reasonable fee is the number *Page 2 
of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. The rate commonly referred to as the "lodestar," is presumed to be the reasonable fee contemplated by § 1988. To obtain this rate, the Supreme Court quoted the factors used by the Circuit Courts:
 (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley at 430, footnote 3.
Plaintiff's memorandum reviews recent awards in other Rhode Island cases, some of them involving the same counsel for plaintiff. Mrs. Parker requests hourly fees of $200 per hour for Mr. Robert Savage (lead trial counsel), $150 per hour for time worked at trial by Mr. Richard Savage, and $80 per hour for travel and paralegal type tasks.
None of the parties have submitted affidavits that either verify or question this rate as acceptable for Providence area attorneys, but for Mrs. Parker's review of awards in recent, similar Providence cases, and the affidavits of Mrs. Parker's attorneys. Specifically, the defendants have failed to proffer any affidavit as to the market rate. The Court is cognizant of fees charged by attorneys in other firms in Providence. This information is available from a review of articles in Rhode IslandLawyer's Weekly, (e.g. 27 RILW 758, April 30, 2007) and from fee requests in other cases. A $200 hourly fee is quite modest.
Though Mrs. Parkers' counsel work in a small, suburban firm, this does not deem them less qualified. Rather, attorneys who work in smaller firms must be highly dedicated to their *Page 3 
tasks. They have more at risk as a larger quantity of the firm's business may be dedicated to a substantial case. If an attorney demonstrates the skill and ability, he should not be penalized for practicing in a smaller firm. Robert Savage has over 15 years of experience in employment discrimination law. He has significant litigation experience, appearing regularly before this Court on many of its civil calendars. Richard Savage has 12 years of such experience. If an attorney demonstrates the skill and ability, he should not be penalized for working in a smaller enterprise.
The Court finds the hourly rates requested ($200 for Robert Savage, $150.00 per hour for Richard Savage and $80.00 per hour for travel and paralegal tasks) to be a fair and appropriate rate in accord with the local attorney market.
Attorneys' Hours
Plaintiff's counsel generated extensive time runs, documenting work done from the onset of their involvement with this case. As the case was apparently received from another attorney, and no other attorney has timely applied for compensation, no other compensation shall be awarded but for that requested of Mr. Robert Savage and Mr. Richard Savage. The time submitted by Mrs. Parker's counsel was backed by sworn affidavits, and there is no other proof before the Court contesting the hours. Nevertheless, defendants raise a number of objections to the time submitted.
First, defendants claim that the fees should be reduced as Ms. Parker's success was limited as she did not succeed on all of her claims. (Defendants' memorandum at p. 3.) She recovered lost wages for a constructive discharge, but after a contested, lengthy trial, she was not awarded any other compensatory damages. *Page 4 
Unlike Shoucair v. Brown University, P.C. No. 96-2896, 2004 R.I. Super. LEXIS 162 (September 9, 2004), (reversed on other grounds), where plaintiff's attorneys claimed their fees should be increased because of their success, defendants here argue the fees should be reduced because of Ms. Parker's limited success. She prevailed on the claim of hostile work environment, is a prevailing party and is entitled to fees. R.I.G.L. § 28-5-24. While the jury found for Ms. Parker only on one element of damages, it awarded her significant damages. The Court does not consider Ms. Parker to be a plaintiff who achieved mere limited success. Rather this Court finds that Ms. Parker obtained good and significant, though not excellent, results.
Defendants suggest that the hours spent on the unsuccessful claim cannot be "teased out" (Defendants' memorandum at p. 4), and hence a percentage reduction is appropriate. Defendants assert that Mrs. Parker's counsel failed to follow the Hensley admonition to "keep records in such a manner as will allow a court to identify distinct claims." (citing Hensley footnote 12) (Defendants' memorandum at p. 5.)
Hensley sets no such requirement, but analytically accepts the complex demands of preparing a case for trial:
 We recognize that there is no certain method of determining when claims are "related" or "unrelated." Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at lease counsel should identify the general subject matter of his time expenditures. . . ." Hensley at 437, footnote 12.
Mrs. Parker's counsel has met the obligations of Hensley. They have explained what they were doing and when they were doing it. Recordings which may be too vague are explained further below. However, there is no requirement that they specifically identify what count they are working on, for preparation of a case necessarily involves working on several counts at a time. *Page 5 
 Hensley stands for a different proposition than which it is cited. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee."[1] The counts raised in the Complaint here flow from the same facts and similar legal premises. The counts raised were all reasonable for prosecution and trial, given the positions of the respective parties throughout. None of the claims can fairly be labeled as nonmeritorious. The claims are not such that would lead to an appropriate differentiation of counsel's work. Accordingly, this Court denies the defendants' attempts to apply a downward adjustment based on Mrs. Parker's partial success. The more appropriate approach is to review each expenditure, viewing counsels' work as a continuing, consolidated effort. *Page 6 
The Court further finds that the claims advanced were inextricably related. The facts for the claims of discrimination and hostile work environment were relevant to establish the ongoing relationships of the parties. The Court finds that Ms. Parker's unsuccessful claims were related to the claims on which she succeeded, and whether she achieved a level of success that makes it appropriate to award attorney's fees for hours reasonably expended on unsuccessful claims. Her claims for relief all involved a common core of facts (her treatment at Banner, the questionable supervision and her discharge) and is based on closely related legal theories. It would be impracticable, if not impossible, to divide the hours on a claim-by-claim basis. "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435. Hence, the litigation as a whole is a satisfactory basis for determining a fee award.
Reasonableness
Next, defendants claim that Mrs. Parkers' counsel fail to establish their time was reasonable. Absent from this contention is any testimony or affidavits from defendants that would question the bills. This is significant, given that Mrs. Parker's counsel (two licensed Rhode Island attorneys) have sworn to the validity of the bills under oath, already removing undocumented and some questionable time. The importance of affidavits submitted to a court are underscored in Scarborough v.Wright, 871 A.2d 937 (2005).
Defendants' memorandum at page 7 claims that some of the "time entries are inappropriately vague." They claim that "preparation time" for a deposition or court testimony is not specific enough. The Court finds such descriptions sufficiently descriptive except for 3.59 hours on February 1, 2006, and 2.9 hours on March 21, 2006. *Page 7 
Defendants claim that Mrs. Parker's counsel should not be reimbursed for "re-reading materials." (Defendants' memorandum at p. 8.) Some of the charges were for time spent in court anyway. Others were for review of cases which were pivotal to the proceedings at the time. Reviewing deposition testimony of the client is obviously necessary. No such time will be excluded.
Defendants next claim that Mrs. Parker's counsel should not charge for clerical tasks. (Defendants' memorandum at p. 8.) This is appropriate work for a paralegal and charged at a much reduced rate. No such time will be excluded.
Defendants next assert Mrs. Parker's counsel should not be paid for travel time. (Defendants' memorandum at p. 9.) No specific entry is contested. Instead, defendants claim the hourly rate should be reduced. Travel time is routinely allowed in other cases because it takes time out of the attorney's billable day. Here, the attorneys have already reduced their fees appropriately and no such time will be excluded.
Defendants contend that Mrs. Parker's counsel should not be reimbursed for interviewing, locating and deposing witnesses and transcripts never utilized. (Defendants' memorandum at p. 10.) Preparation for a trial may reasonably require interviewing persons who are not called to testify. Still, Mrs. Parker's counsel has yet to show the significance of these interviews and, therefore, the total time requested, 14.58 hours, is reduced by one-half to 7.29 hours. Included in the defendants' analysis is time spent on legal research which is not reduced.
Defendants claim Mrs. Parker's counsel should not be compensated for waiting in court or for depositions to begin. (Defendants' memorandum at pp. 12-13.) While the Court always encourages attorneys to be productive and recognizes the challenges placed upon litigators, obviously waiting for cases to be called or decided cannot always be avoided. As Mrs. Parkers' *Page 8 
counsel accepts blame for misdirections or incorrect times, the Court will deduct 2 hours from the total bill.
Defendants claim that Mrs. Parker's counsel should not charge for time spent in requesting or receiving extensions. (Defendants' memorandum at pp. 13-14.) It is unclear who requested the extension, why or whether it was reasonable. Therefore, the Court will reduce this time by one-third, so 3.56 hours are deducted.
Defendants claim that Mrs. Parker's counsel should not be reimbursed for jury deliberation time. (Defendants' memorandum at 14.) Although allowed to leave the room, counsel was required to reappear promptly when the Court requested. The time spent waiting was reasonable and will not be reduced.
Defendants seek a reduction for entries attributed to the fee application. The fee application necessarily involved legal research and preparation of many documents. After a review of the documents prepared and an understanding of the issues involved, the Court will reduce the fee application preparation to a total of 6 hours, but afford 2 more hours for time spent on August 8, 2007, and not yet billed.
Defendants seek an award for the work of Richard Savage. The Court cannot determine that one attorney would have been sufficient, as defendant suggests. Mrs. Parkers called separate witnesses and needed to insure that documents and witnesses were ready as Mrs. Parker's case stretched over nine days. After viewing the attorneys during trial, the Court recognizes that Mr. Richard Savage assisted at times, and took copious notes, but Robert Savage relied on his own notes at all times. More significantly, Robert Savage would take notes during his questioning which extended the time of his examinations significantly. Accordingly, rather than reducing *Page 9 
Richard Savage's time at a lower rate, the Court reduces Robert Savage's hours by an additional 10 hours.[2]
Costs
Defendants object to Mrs. Parker's requests for costs. The contested depositions objected to were of defendants' principals and necessary for trial. The parking fees requested were reasonable given the length of the trial. An expert was retained for proof of pain and suffering. Such damages were never awarded, though it was a reasonable tactical decision to request pain and suffering and to call the expert. These costs will not be deducted. Transcripts for depositions were also necessary. Filing fees in 2002 were $135 so the costs will be reduced by only $45.
 CONCLUSION
From a review of the appended invoices, it is noted that many upfront expenses were borne by Ms. Parker herself. The goal of the fee shifting statutes is obviously to reward such as Mrs. Parker. As stated by Justice White, "The award of attorney's fees encourages vindication of federal rights which, Congress recognized, might otherwise go unenforced because of the Mrs. Parkers' lack of resources and the small size of any expected monetary recovery." Dennis v. Higgins, 498 U.S. 439, 464 (U.S. 1991) (citations omitted.)
In addition to the back pay awarded by the jury, Ms. Parker is awarded $117,816.70 in attorneys fees[3] and $7152.57 in costs. Counsel for Mrs. Parker shall prepare a judgment consistent with this Decision and all other determinations of this Court.
[1] More completely stated, the case held:
 Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. See Davis v. County of Los Angeles, supra, at 5049. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.
 If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.
 Application of this principle is particularly important in complex civil rights litigation involving numerous challenges to institutional practices or conditions. This type of litigation is lengthy and demands many hours of lawyers' services. Although the plaintiff often may succeed in identifying some unlawful practices or conditions, the range of possible success is vast. That the plaintiff is a "prevailing party" therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved. In this case, for example, the District Court's award of fees based on 2,557 hours worked may have been reasonable in light of the substantial relief obtained. But had respondents prevailed on only one of their six general claims, for example the claim that petitioners' visitation, mail, and telephone policies were overly restrictive, see n. 1, supra, a fee award based on the claimed hours clearly would have been excessive.
 There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified. Hensley v. Eckerhart, 461 U.S. 424, 435-437 (U.S. 1983), footnotes and citations omitted.
[2] In July, 2007, the Court issued a scheduling order, requiring all supporting documents for fees requests to be filed forthwith. During the afternoon of August 7th, counsel submitted supplemental documents requesting $7670 in additional fees. As the hearing is scheduled for August 9th, defense counsel have had minimal time to respond. Some of the charges appear questionable, e.g. 13 hours for drafting facts for a memorandum. Almost all of the new charges (but for estimated time on August 9th) is for work done before July 20th. It could have been submitted earlier. The Court, herein, has provided for time for the August 9th hearing. Hence, the request for additional fees in the August 7th documents is denied.
[3] $108,785.20 for fees of Robert Savage, Esq. and $9031.50 for fees of Richard Savage, Esq. *Page 1