Sheri SINGER

v.

David SINGER.

No. 95–607–Appeal.

Supreme Court of Rhode Island.

Feb. 27, 1997.

Alfred Factor, Providence.

Stephen M. Prignano, Providence.

### ORDER

This case came before a hearing panel of this court for oral argument February 18, 1997 pursuant to an order that had directed both parties to appear in order to show cause why the appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and the issues raised by this appeal should be decided at this time.

David J. Singer (David), who was the defendant in a divorce action, appeals from an order denying his motion for specific performance of the property settlement agreement with regard to certain capital gains taxes. Sheri Singer (Sheri) and David were divorced by a final judgment entered on April 14, 1995. On December 15, 1994, they had entered into a property settlement agreement, which was incorporated by reference but not merged into the final judgment. The provision of the property settlement that is pertinent to this appeal reads as follows:

> "The marital domicile located at 311 New Meadow Road, Barrington, Rhode Island will be forthwith placed on the market for sale for the sum of $240,000 or as the parties may otherwise agree orally. The net proceeds derived from the sale of said real estate shall be divided 50%–50% after the payment of any existing encumbrances, taxes, insurance, past due and current mortgage payments, broker or commission fees and closing costs. The parties will, as soon as possible, complete the minor renovations suggested by the real estate broker and pay for same from the equity line of credit."

After entering into the agreement David with the consent of Sheri sold the marital domicile for a sum which resulted in a capital gains tax in the amount of approximately $35,000. Since title to the house was held in the name of David, he sought the agreement of Sheri to divide the capital gains tax equally between them in arriving at the net proceeds of the sale. Sheri denied that she was responsible for any share of the capital gains tax and consequently David filed a motion in the Family Court for specific performance of their settlement agreement.

The trial justice construed the term "any taxes" as meaning and intending to include only real estate taxes. David argues that this broad term was not restricted to any

particular form of taxation and would include capital gains tax as well.

We are of the opinion that the language of the settlement agreement quoted above is clear and unambiguous. When contract language is clear and unambiguous, words contained therein will be given their usual and ordinary meaning and the parties will be bound by such meaning. *Aetna Casualty & Surety Co. v. Graziano*, 587 A.2d 916, 917 (R.I.1991).

The interpretation of a contract in the absence of ambiguity is a question of law. *Clark–Fitzpatrick, Inc./Franki Foundation Co. v. Gill*, 652 A.2d 440, 443 (R.I.1994). Such interpretation will be reviewed by this court de novo. Under the circumstances, we are of the opinion that the trial justice erred in construing this plain and unambiguous contract by narrowing the term "any tax" to mean merely real estate taxes.[1]

Therefore, we reverse the judgment of the Family Court and remand the case to that court with directions to enter an order in favor of David requiring the plaintiff, Sheri Singer, to share equally the capital gains tax in arriving at the net proceeds of the sale.

BOURCIER, J., did not participate.

---

1. When a term of a property settlement agreement is ambiguous and may be construed in different ways this court has held that it will adopt that construction which is most equitable and which will not give to one party an unconscionable advantage over another. *Flynn v. Flynn*, 615 A.2d 119, 122 (R.I.1992). *See also Alix v. Alix*, 497 A.2d 18 (R.I.1985). In the case at bar we need not reach this issue in light of the lack of ambiguity.