**Supreme Court**

No. 2011-361-Appeal.
(PP 07-5866)

Lucilio P. Furtado et al.      :

v.      :

Maria Goncalves, as Executrix of the      :
   Estate of Alfredo D. Goncalves.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Lucilio P. Furtado et al.            :

v.                          :

Maria Goncalves, as Executrix of the        :
   Estate of Alfredo D. Goncalves.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**   This case involves a mediated settlement agreement between two of the heirs of Alfredo D. Goncalves (Alfredo)[1] and the executrix of his estate, Maria Goncalves (Maria or defendant).  The plaintiffs, Lucilio P. Furtado (Lucilio) and Patricia Goncalves (Patricia)[2] (collectively, plaintiffs), appeal from a Superior Court judgment ordering them to execute general releases and pay attorney's fees incurred by the executrix in seeking to enforce the settlement agreement.  The plaintiffs argue that the Superior Court erred in ordering them to execute general releases with terms that were materially different from those contemplated during settlement negotiations, and in assessing attorney's fees under G.L. 1956 § 9-1-45.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further

---

[1] Because many of the individuals involved in this case share a common surname, this opinion will refer to the various parties by their first names to maintain clarity.  We intend no disrespect in doing so.

[2] Several documents, including several court filings, list this plaintiff's name as "Patricia Goncalves."   However, she signed the mediated settlement agreement as "Claudia Patricia Goncalves."  We will refer to this plaintiff as "Patricia" throughout this opinion.

- 1 -

briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

# I

## Facts and Travel

In 2006, Alfredo executed a will that made no provision for two of his children, Lucilio and Patricia. After Alfredo's death, Lucilio and Patricia contested probate of that will, alleging lack of testamentary capacity, undue influence, and noncompliance with required formalities. The Providence Probate Court admitted the will into probate and appointed Maria (another of Alfredo's children) as executrix. Lucilio and Patricia appealed the Probate Court's order to the Superior Court.

After the parties had conducted discovery, they participated in a mediation session facilitated by the Roger Williams University School of Law Mediation Clinic. After several hours of negotiations, the parties reached an agreement in principle, which was reduced to writing by the mediator. Drafts of the agreement were circulated to the parties, and a final settlement agreement was eventually signed by the parties. Pursuant to that agreement, defendant was to convey certain real estate located in the City of Providence to each of the two plaintiffs. The agreement also specified that

> "4. Maria Goncalves' obligation to convey the properties to Lucilio P. Furtado and Patricia Goncalves as set forth above is conditioned upon the following:
>
> > "a. The delivery by Lucilio P. Furtado and Patricia Goncalves of General Releases, in form acceptable to counsel for the Estate of Alfredo D. Goncalves, that releases any and all claims that Lucilio P. Furtado and Patricia Goncalves have or may have against any of the following individuals or entities:

> "The Estate of Alfredo D. Goncalves, the Alfredo Goncalves Trust or Trusts, Maria Goncalves in both her individual and fiduciary capacities, Lucilla 'Lucy' Goncalves, Olivio Goncalves or Euclides Goncalves."[3]

The agreement also provided that plaintiffs would withdraw their objections in the probate proceeding and dismiss, with prejudice, their Superior Court action.

The defendant prepared and delivered general releases to plaintiffs for their signatures. The general releases required plaintiffs to release all claims related to Alfredo's estate and assets, "whether such Claims arise, are brought or have a situs in the United States of America, the Republic of Cape Verde or anywhere else," and to refrain from filing any future claims. The plaintiffs requested that the release language pertaining to claims in Cape Verde be removed from the general releases, asserting that they did not understand the settlement discussions to cover claims involving property that was neither included in the probate estate nor located in Rhode Island.[4] The defendant refused to delete the references to Cape Verde claims from the general releases, pointing to conversations that allegedly took place during the mediation session about the Cape Verde property to support her contention that the settlement negotiations (and resulting agreement) were understood by all of the parties to include the Cape Verde property. Having reached an impasse on the release language, defendant filed a motion to enforce the settlement agreement in the Superior Court.

---

[3] In various documents in the record, Lucilla's name is alternatively spelled "Lucillia" and "Lucilia."

[4] The record indicates that the property in Cape Verde is real estate, but provides few other undisputed details about its location, value, characteristics, etc.

- 3 -

On April 12, 2011, the trial justice heard arguments from both sides and reviewed several documents, including Alfredo's will and a related trust instrument.[5] During the hearing, the parties' attorneys made conflicting representations about the extent to which the Cape Verde property had been discussed during the mediation session. Although the trial justice initially suggested that an evidentiary hearing might be necessary, ultimately, one was not held. Based on her review of pertinent documents and representations by counsel, the trial justice concluded that the settlement agreement clearly and unambiguously covered real estate located in Cape Verde and directed the plaintiffs to execute the proposed general releases.

Following entry of an order to that effect, defendant moved to recover attorney's fees in the amount of $2,805 for time spent seeking to enforce the settlement agreement. The plaintiffs objected. After hearing arguments on this issue on June 22, 2011, the trial justice found that the requested attorney's fees were fair and reasonable, and concluded that defendant was entitled to reimbursement under § 9-1-45.[6] The trial justice also denied plaintiffs' request for a stay pending appeal.

The plaintiffs appealed both the Superior Court's order enforcing the mediated settlement agreement and the order awarding attorney's fees.[7]

---

[5] In his will, Alfredo devised all of his real property to a trust that had been established in 1989. Although the transcript from the April 12 hearing indicates that the trial justice had the opportunity to review the trust instrument, she subsequently returned that document to the parties, and the trust instrument does not appear in either the Superior Court or Supreme Court case files.

[6] General Laws 1956 § 9-1-45 permits a court to award a "reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract" if the court "[f]inds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party."

[7] The plaintiffs appealed each of the Superior Court's orders separately, before final judgment had entered on either. However, in May 2012, this Court remanded the case, and final judgment has since been entered by the Superior Court. "When a notice of appeal is filed before entry of

- 4 -

## II

### Standard of Review

We have previously treated settlement agreements as we do any other type of contract, applying our general rules of contract construction. See, e.g., Rivera v. Gagnon, 847 A.2d 280, 282, 284 (R.I. 2004) (applying contract construction rules when interpreting settlement agreements). "[T]he existence of ambiguity vel non in a contract is an issue of law to be determined by the [C]ourt." Derderian v. Essex Insurance Co., 44 A.3d 122, 127 (R.I. 2012) (quoting Papudesu v. Medical Malpractice Joint Underwriting Association of Rhode Island, 18 A.3d 495, 497 (R.I. 2011)). "When a contract is unambiguous, we review its terms in a de novo manner." Id. (quoting Papudesu, 18 A.3d at 498). In assessing whether contract language is ambiguous, "'we give words their plain, ordinary, and usual meaning.' * * * The subjective intent of the parties may not properly be considered by the Court; rather, we 'consider the intent expressed by the language of the contract.'" Id. at 128 (quoting Bliss Mine Road Condominium Association v. Nationwide Property and Casualty Insurance Co., 11 A.3d 1078, 1083-84 (R.I. 2010)). Thus, when a contract is clear and unambiguous by its terms, "what is claimed to have been the subjective intent of the parties is of no moment." Young v. Warwick Rollermagic Skating Center, Inc., 973 A.2d 553, 560 (R.I. 2009). Finally, "[i]n situations in which the language of a contractual agreement is plain and unambiguous, its meaning should be determined without reference to extrinsic facts or aids." Garden City Treatment Center, Inc. v. Coordinated Health Partners, Inc., 852 A.2d 535, 542 (R.I. 2004) (quoting Clark-Fitzpatrick, Inc./Franki Foundation Co. v. Gill, 652 A.2d 440, 443 (R.I. 1994)).

---

judgment, this Court treats the appeal as if it had been filed after the entry of judgment." Dovenmuehle Mortgage, Inc. v. Antonelli, 790 A.2d 1113, 1114 n.1 (R.I. 2002).

## III

### Discussion

The plaintiffs take issue with both of the trial justice's rulings: first, they argue that she erred in ordering them to execute the general releases; and, second, they contend that she improperly applied § 9-1-45 in awarding attorney's fees to defendant. We will address each of these arguments in turn.

### A

### Order Enforcing Settlement Agreement

First, plaintiffs argue that the trial justice erred when she ordered them to execute the general releases proposed by defendant because "the terms of the General Release[s] substantially changed the content, meaning and effect of the Mediated Settlement Agreement, including language that so dramatically altered the terms of the agreement that it did not in any way represent the intention of the Appellants or of the parties." In particular, plaintiffs assert that "[t]here is nothing in the will or trust which lists real properties in Cape Verde or in any jurisdiction outside the State of Rhode Island," and claim that "with the exception of a few allusions in the general discussion during the mediation, that Cape Verde [property] was not a part of the settlement discussions, nor was a disposition of any real estate in Cape Verde anticipated as part of the settlement agreement between the parties hereto." The defendant responds that the mediated settlement agreement's reference to the "General Release" of "any and all claims" clearly and unambiguously covers any claims to property in Cape Verde (and everywhere else in the world), and urges that whatever plaintiffs' subjective intent may have been at the time of execution is irrelevant.

- 6 -

We treat settlement agreements as we would any other contract, binding the parties to the terms of their bargain and permitting signatories of settlement agreements to seek court assistance in enforcing those agreements when another party has reneged. See, e.g., Homar, Inc. v. North Farm Associates, 445 A.2d 288, 290 (R.I. 1982) (noting that "[s]ettlement of a disputed liability is as conclusive of the parties' rights as is a judgment that terminates litigation between them," and permitting a party to initiate a second action to enforce a settlement agreement reached in an earlier proceeding); see also Fidelity and Guaranty Insurance Co. v. Star Equipment Corp., 541 F.3d 1, 5 (1st Cir. 2008) ("Where * * * the settlement collapses before the original suit is dismissed, the party seeking to enforce the agreement may file a motion with the trial court."). Accordingly, we will apply general contract law principles in construing this mediated settlement agreement. We review a trial justice's legal determinations—including whether a contract is ambiguous—de novo. See Derderian, 44 A.3d at 127.

Here, the parties met for the purpose of mediating disputes "arising between or among them regarding the administration of the Estate and Trust of Alfredo D. Goncalves." The operative language in the settlement agreement provides that defendant's delivery of deeds to plaintiffs was conditioned on plaintiffs' execution of "General Releases, in form acceptable to counsel for the Estate of Alfredo D. Goncalves, that releases any and all claims that Lucilio P. Furtado and Patricia Goncalves have or may have against * * *: The Estate of Alfredo D. Goncalves, the Alfredo Goncalves Trust or Trusts, Maria Goncalves," and Alfredo's other children. (Emphasis added.) We perceive this language in the settlement agreement to clearly and unambiguously require precisely what it states, and no more: the "release[] [of] any and all claims" against defendant, Alfredo's Estate and Trust, and the other children. In contrast to the initial settlement agreement, the proposed general releases provide that plaintiffs will release all

- 7 -

claims "whether such Claims arise, are brought or have a situs in the United States of America, the Republic of Cape Verde or anywhere else." This reference in the general releases to claims in specific geographic regions goes beyond the plain and unambiguous meaning of the settlement agreement's call for the release of "any and all claims." Therefore, we hold that the general release's language exceeds the clear and unambiguous terms of the settlement agreement because it utilizes language that specifically encompasses claims arising in Cape Verde rather than employing the more general language ("any and all") that was contemplated by the settlement agreement.[8]

**B**

**Order Awarding Attorney's Fees**

We turn next to the Superior Court's award of attorney's fees pursuant to § 9-1-45, which permits a court to "award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract" if the court "[f]inds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party" or "[r]enders a default judgment against the losing party." We have already held that the defendant was not entitled to a judgment requiring the plaintiffs to execute the proposed general releases because the language of the general releases did not mirror the clear and unambiguous terms of the settlement agreement. See Section III, A, supra. Thus, § 9-1-45's threshold requirement—that the party to receive the attorney's fee award be the "prevailing party"—has not been met, and we vacate the Superior Court's award of attorney's fees to the defendant.

---

[8] We recognize that the distinction between the release of all claims that arise or "have a situs in the United States, the Republic of Cape Verde or anywhere else" may be one of form more than substance; nonetheless, the current controversy must be resolved in favor of the parties' mediated settlement agreement.

**IV**

**Conclusion**

For the reasons set forth in this opinion we vacate the judgment of the Superior Court and remand for further proceedings consistent with this opinion. Specifically, we direct the Superior Court to order the defendant to fulfill her obligation to convey the specified properties to the plaintiffs upon the delivery by the plaintiffs of the general releases prepared by the defendant, which shall be amended to release "any and all claims," but shall not contain any geographical reference.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        Lucilio P. Furtado et al. v. Maria Goncalves, as Executrix of the Estate of Alfredo D. Goncalves.

**CASE NO:**        No. 2011-361-Appeal.
(PP 07-5866)

**COURT:**        Supreme Court

**DATE OPINION FILED:**  April 15, 2013

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

        Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

        For Plaintiffs:  Jonathan L. Stanzler, Esq.

        For Defendant:  John P. Gyorgy, Esq.