**Supreme Court**

No. 2012-273-Appeal.
(KC/12-552)

Joanne Miller                      :

v.                      :

Henry Saunders et al.                      :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Joanne Miller : 

v. :

Henry Saunders et al. :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The plaintiff, Joanne Miller, appeals from a Superior Court order granting summary judgment for the defendants, Henry Saunders and Kristin Saunders.[1] The plaintiff challenges the trial justice's rulings that the plaintiff's deceased ex-husband, Dean S. Miller, created a valid custodial trust with regard to his life insurance proceeds and that this custodial trust did not violate a property settlement agreement executed by the plaintiff and Mr. Miller in conjunction with their divorce. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

---

[1] Mrs. Saunders's name is spelled "Kristen" in some filings, and "Kristin" in others. It is not clear which spelling is correct. Additionally, some of defendants' filings spell Mrs. Saunders's last name "Sunders," but this appears to be a typographical error.

# I

## Facts and Procedural History

The plaintiff married Dean Miller in June 1992. During the course of their marriage, they had four children: Christopher, Margo, Alexander, and Audrey. In 2006, plaintiff filed a complaint for divorce. On August 29, 2006, Mr. Miller and plaintiff executed a property settlement agreement (agreement), which was incorporated by reference but not merged into the divorce judgment. Paragraph twelve of the agreement reads as follows:

> "12. <u>LIFE INSURANCE:</u> The Husband has life insurance, the Wife has no life insurance at this time. The Husband agrees to maintain any life insurance in full force and effect for the benefit of the minor children until they reach the age of majority. He will annually provide proof of insurance and proof of beneficiaries to the Wife."

On February 5, 2007, Mr. Miller executed a service request form with Chase Insurance Life and Annuity Company, in which he listed his four children as the beneficiaries of his life insurance policy.[2] Under a portion of the service request form labeled "Special Instructions," Mr. Miller handwrote the following: "Beneficial interests to be paid to and managed by Kristin Saunders as custodial trustee for the benefit of my minor children."[3]

Mr. Miller died on January 2, 2012. In the spring of 2012, funds from his life insurance policy were distributed to Mrs. Saunders in her capacity as custodial trustee.[4] In response to this disbursement, plaintiff filed a complaint in the Superior Court on May 23, 2012, seeking declaratory and injunctive relief. The plaintiff asked the court to declare that Mr. Miller's four children were the sole beneficiaries of his life insurance policy and that Mrs. Saunders was not a

---

[2] The plaintiff states that prior to February 5, 2007, she was the beneficiary of this policy.

[3] Kristin Saunders is Mr. Miller's sister, and Henry Saunders is her husband.

[4] The exact amount paid to Mrs. Saunders is unclear. When Mr. Miller died, all of his children were under the age of eighteen except for Christopher, who was nineteen.

beneficiary in any capacity. Additionally, plaintiff asked the court to order defendants to tender Alexander and Audrey's insurance proceeds to plaintiff,[5] as well as to provide an accounting of all insurance proceeds payable to Mrs. Saunders as trustee for the benefit of Margo, Alexander, and Audrey. The plaintiff also sought a temporary restraining order and preliminary injunction, restraining and enjoining defendants from disposing of the life insurance proceeds payable to Margo, Alexander, and Audrey. The court entered an order granting plaintiff's motion for a temporary restraining order on May 23, 2012.

The defendants moved for summary judgment on May 30, 2012, on the ground that Mrs. Saunders was the rightful custodial trustee of Mr. Miller's life insurance proceeds because she was clearly and unambiguously listed as custodial trustee in the service request form. The plaintiff opposed defendants' motion for summary judgment, arguing that Mr. Miller did not create a valid custodial trust because he did not have legal authority to do so pursuant to the property settlement agreement, and because the language in the service request form failed to conform to the statutory requirements for creating a custodial trust.[6] The court held a hearing on July 12, 2012, and an order was entered on July 23, 2012, granting defendants' motion for summary judgment and vacating the temporary restraining order.[7] The trial justice found that Mr. Miller created a valid custodial trust pursuant to the Rhode Island Uniform Custodial Trust Act (RIUCTA), G.L. 1956 § 18-13-3, and that this trust was not inconsistent with Mr. Miller's

[5] The record indicates that at the time plaintiff filed the complaint, only Alexander and Audrey were living with her; defendants had been appointed temporary guardians of Margo on April 11, 2012, by an order of the West Greenwich Probate Court.
[6] The plaintiff also moved for partial summary judgment on the issue of Alexander and Audrey's insurance proceeds, arguing that Mrs. Saunders was not the custodial trustee regarding these funds and that plaintiff was entitled to the proceeds as sole parent and legal guardian of Alexander and Audrey.
[7] The court also denied plaintiff's motion for partial summary judgment. While it appears that there was a full summary judgment hearing, the transcript ordered for this appeal contains only a record of the trial justice's bench decision.

obligations under the property settlement agreement. The plaintiff filed a notice of appeal on August 1, 2012. Final judgment was entered in the Superior Court on March 15, 2013.[8]

## II

## Standard of Review

"This Court reviews the grant of summary judgment 'de novo, employing the same standards and rules used by the hearing justice.'" Carreiro v. Tobin, 66 A.3d 820, 822 (R.I. 2013) (quoting Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012)). "We will affirm a lower court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Id. (quoting Great American E & S Insurance Co., 45 A.3d at 574). "[T]he nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact * * *." The Law Firm of Thomas A. Tarro, III v. Checrallah, 60 A.3d 598, 601 (R.I. 2013) (quoting Great American E & S Insurance Co., 45 A.3d at 574).

## III

## Discussion

On appeal, plaintiff argues that Mrs. Saunders is not the custodial trustee of the life insurance proceeds because Mr. Miller did not create a legally cognizable trust. The plaintiff advances two arguments in this vein. First, plaintiff argues that Mr. Miller did not have the legal right to create a custodial trust because the property settlement agreement required him to maintain his life insurance policy for the benefit of his minor children. Second, plaintiff argues that the language in the special instructions section of Mr. Miller's service request form did not

---

[8] Because final judgment entered, plaintiff's premature notice of appeal is valid. See Chapdelaine v. State, 32 A.3d 937, 941 n.1 (R.I. 2011).

- 4 -

comply with the statutory requirements set forth in RIUCTA for creation of a custodial trust by written declaration, because Mr. Miller's instructions lacked the phrase "under the Rhode Island Uniform Custodial Trust Act." The plaintiff also argues that paragraph twelve of the property settlement agreement existed for the sole purpose of providing an uninterrupted stream of child-support payments to plaintiff for the benefit of her minor children, and that the parties intended plaintiff to use the life insurance proceeds in the same manner that she utilized child-support payments, which would require her to maintain control over the funds.

**A**

**Statutory Requirements for Creating a Custodial Trust**

We begin our analysis by examining the pertinent provisions of RIUCTA. Section 18-13-3(a) provides the following:

> "A person having the right to designate the recipient of property payable or transferable upon a future event may create a custodial trust upon the occurrence of the future event by designating in writing the recipient, followed in substance by 'as custodial trustee for ___ (name of beneficiary) under the Rhode Island Uniform Custodial Trust Act.'"

More specifically, § 18-13-18(b) in pertinent part provides the following with regard to creating a custodial trust for life insurance proceeds:

> "(b) Customary methods of transferring or evidencing ownership of property may be used to create a custodial trust, including any of the following:
> "* * *
> "(4) Registration of ownership of a life or endowment insurance policy or annuity contract with the issuer in the name of a trust company, an adult other than the transferor, or the transferor if the beneficiary is other than the transferor, designated [in[9]]

---

[9] The word "in" appears to be unintentionally omitted from this subsection of RIUCTA. References to the phrase at issue appear numerous times throughout the statutory scheme, all with the word "in" preceding the word "substance." See, e.g., G.L. 1956 §§ 18-13-2(a); 18-13-4(b); 18-13-7(d).

- 5 -

substance: 'as custodial trustee for _____ (name of beneficiary) under the Rhode Island Uniform Custodial Trust Act.'"

## B

## Mr. Miller's Authority to Create a Custodial Trust

The foundation of plaintiff's argument on appeal is her assertion that custodial trusts are "entirely creatures of statute," in derogation of the common law and that, therefore, the provisions of RIUCTA must be strictly construed. She first contends that Mr. Miller lacked the legal ability to create a custodial trust because the property settlement agreement stripped him of his "right to designate the recipient of property payable * * * upon a future event," which is a prerequisite to the establishment of a valid custodial trust. See § 18-13-3(a). According to plaintiff, the agreement clearly required Mr. Miller to maintain his life insurance policy in full force and effect for the benefit of the minor children until they reached majority, and it afforded him "no right whatsoever to name the person or persons of his choosing to receive the policy proceeds."

We review de novo the terms and provisions of a property settlement agreement that has not been merged into a divorce judgment. See Furtado v. Goncalves, 63 A.3d 533, 537 (R.I. 2013). "A property settlement agreement 'that is not merged into a divorce judgment retains the characteristics of a contract.'" DiPaola v. DiPaola, 16 A.3d 571, 576 (R.I. 2011) (quoting Riffenburg v. Riffenburg, 585 A.2d 627, 630 (R.I. 1991)). "A reviewing court has no need to construe contractual provisions unless those terms are ambiguous." Id. (quoting A.F. Lusi Construction, Inc. v. Peerless Insurance Co., 847 A.2d 254, 258 (R.I. 2004)). A contractual term is ambiguous if it is "reasonably and clearly susceptible to more than one rational interpretation." Id. (quoting A.F. Lusi Construction, Inc., 847 A.2d at 258). In determining ambiguity, we

construe contractual language in an "ordinary, common sense manner." <u>City of East Providence v. United Steelworkers of America, Local 15509</u>, 925 A.2d 246, 251 (R.I. 2007) (quoting <u>Garden City Treatment Center, Inc. v. Coordinated Health Partners, Inc.</u>, 852 A.2d 535, 542 (R.I. 2004) (emphasis omitted)).

Here, the property settlement agreement required Mr. Miller to maintain a life insurance policy "for the benefit of the minor children." Applying a plain-meaning test to this provision, we conclude that Mr. Miller complied with the agreement by naming his four children as the beneficiaries of his life insurance policy. The agreement did not explicitly limit Mr. Miller's ability to channel the insurance funds to his children by way of a trust, nor did it restrict his ability to designate a trustee of his own choosing.[10]

We reject plaintiff's assertion that the sole purpose of paragraph twelve of the property settlement agreement was to guarantee an uninterrupted stream of child-support payments in the event of Mr. Miller's death. When a contractual term is devoid of ambiguity, we are bound to apply its usual and ordinary meaning. <u>DiPaola</u>, 16 A.3d at 576 (citing <u>Singer v. Singer</u>, 692 A.2d 691, 692 (R.I. 1997) (mem.)). "The subjective intent of the parties may not properly be considered by the Court; rather, we consider the intent expressed by the language of the contract." <u>Furtado</u>, 63 A.3d at 537 (quoting <u>Derderian v. Essex Insurance Co.</u>, 44 A.3d 122, 128 (R.I. 2012)). Thus, the unexpressed intent of the parties plays no role in our <u>de novo</u> review. <u>Id.</u> at 537. Here, we hold that the contractual language is not ambiguous, and that Mr. Miller did not violate paragraph twelve of the agreement by designating Mrs. Saunders "as custodial trustee for the benefit of [his] minor children" on the service request form.

---

[10] Additionally, it can be implied that the agreement contemplated an arrangement such as a custodial trust, because minors are not generally able to directly receive insurance proceeds due to their inability to form binding contracts. <u>See</u> Bertram Harnett & Irving I. Lesnick, 2 <u>The Law of Life and Health Insurance</u> §§ 5.21[1][c][iii]; 5.22[1][b][iii] (2011).

# C

## Mr. Miller's Compliance with the Statutory Requirements

The plaintiff also asserts that Mr. Miller did not create a valid custodial trust because his handwritten comments in the "special instructions" portion of the service request form did not make reference to RIUCTA. Sections 18-13-3(a) and 18-13-18(b)(4) of RIUCTA provide that a custodial trust may be created by designating the recipient "[in] substance * * * 'as custodial trustee for ___ (name of beneficiary) under the Rhode Island Uniform Custodial Trust Act.'" Thus, we must determine the meaning of the phrase "in substance" within the context of creating a custodial trust pursuant to RIUCTA.

"This Court reviews questions of statutory construction and interpretation de novo." Morel v. Napolitano, 64 A.3d 1176, 1179 (R.I. 2013). "When * * * statutory language is clear and unambiguous, we give the words their plain and ordinary meaning." Id. Moreover, "when we examine an unambiguous statute, there is no room for statutory construction and we must apply the statute as written." Id. (quoting Mutual Development Corp. v. Ward Fisher & Co., LLP, 47 A.3d 319, 328 (R.I. 2012)). In our opinion, the phrase "in substance" is clear and unambiguous as it appears in RIUCTA. Black's Law Dictionary defines "substance" as: "The essence of something; the essential quality of something, as opposed to its mere form." Black's Law Dictionary 1565 (9th ed. 2009). Applying this ordinary meaning to §§ 18-13-3(a) and 18-13-18(b)(4) of RIUCTA, we hold that the phrase "in substance" does not require a verbatim recitation of the statute's suggested language for the creation of a valid custodial trust.

Mr. Miller's special instructions identified a custodial trustee and minor beneficiaries. RIUCTA specifically instructs a custodial trustee to "administer the custodial trust as for an incapacitated beneficiary if: * * * The transferor has so directed in the instrument creating the

custodial trust * * *." Section 18-13-10(a)(2).[11]  This is precisely what Mr. Miller directed in his instructions, when he identified "Kristin Saunders as custodial trustee for the benefit of [his] minor children."  Because Mr. Miller identified his children as the beneficiaries of his life insurance policy and designated Mrs. Saunders as the "custodial trustee for the benefit of [his] minor children," we conclude that it is clear that he in fact created a custodial trust pursuant to RIUCTA.  We hold that Mr. Miller's instructions complied with RIUCTA's requirements, notwithstanding his failure to expressly reference the statute.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court.  The record of this case may be returned to the Superior Court.

---

[11] RIUCTA includes minority in its definition of the term "incapacitated." See § 18-13-1(8).



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        Joanne Miller v. Henry Saunders et al.

**CASE NO:**               No. 2012-273-Appeal.
                          (KC/12-552)

**COURT:**                 Supreme Court

**DATE OPINION FILED:**  December 5, 2013

**JUSTICES:**              Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**            Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

                          Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

                          For Plaintiff:  Kevin M. Daley, Esq.

                          For Defendants:  Steven J. Hart, Esq.