April 7, 2021

**Supreme Court**

No. 2019-203-Appeal.
(PM 17-3276)

Irwin Shorr, as beneficiary of the Trust :
    of Anna H. Blankstein

                    v.                            :

Herbert Harris, as Trustee of the Trust
    of Anna H. Blankstein.            :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Irwin Shorr, as beneficiary of the Trust  :
    of Anna H. Blankstein

             v.                :

Herbert Harris, as Trustee of the Trust
    of Anna H. Blankstein.       :

Present: Suttell, C.J., Robinson, and Lynch Prata, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The plaintiff, Irwin Shorr, as beneficiary of the Trust of Anna H. Blankstein, appeals from a Superior Court judgment granting summary judgment in favor of the defendant, Herbert Harris, as trustee of the Trust of Anna H. Blankstein. Shorr contends on appeal that the hearing justice erred in granting Harris's motion for summary judgment. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

- 1 -

# I

## Facts and Travel

In 1991, Anna Blankstein was a resident of the State of Rhode Island. At that time, defendant served as counsel for Blankstein. The defendant drafted a revocable inter vivos trust agreement (the trust) and a "pour over will" (the will) on behalf of Blankstein. The trustees of the trust were Blankstein, defendant, and Sophie Garelick. Under the terms of the trust,

> "[t]he Trustees shall hold, manage, invest, and reinvest the trust estate, and shall collect the income thereof and shall dispose of the net income and principal as follows:
>
> "(a) During the lifetime of the Settlor, the Trustees shall pay to the Settlor all of the net income in monthly installments. * * *
>
> "(b) Upon the death of the Settlor the other named Trustees are to utilize the proceeds of the Trust Corpus and make the following specific bequests[.]"

On May 9, 1991, Blankstein reviewed, approved, and duly executed the trust and the will. Blankstein modified the trust several times throughout her life; the last modification occurred on April 28, 2003. On January 14, 2011, Blankstein died in Providence, Rhode Island. Upon her death, the sums designated to pass as specific bequests in the trust were distributed.

The plaintiff was a sum-certain beneficiary of the trust, designated to receive a specific bequest of $2,000. After Blankstein's death, plaintiff received a letter

from defendant, dated February 20, 2011, and a release setting forth the amount of $2,000. On March 4, 2011, plaintiff requested an accounting of the trust from defendant. On March 15, 2011, defendant responded, in a letter, stating that plaintiff was not entitled to any accounting of the trust or copies thereof.

On December 6, 2011, plaintiff was appointed as administrator of Blankstein's estate by the Providence Probate Court. On September 6, 2012, the Providence Probate Court entered an order granting plaintiff permission to depose defendant in South Carolina. The plaintiff filed a notice of deposition and subpoena in the Court of Common Pleas, Fifteenth Judicial Circuit, County of Georgetown, South Carolina. The subpoena requested the following:

> "A copy of the Trust of Anna H. Blankstein and all of its modifications; Records of any and all transfers of assets to the trust since its inception; records of any assets of Anna H. Blankstein transferred to or payments made to Herbert E. Harris, Jr. Esq. individually from the trust since its inception; Records of any assets of Anna Blankstein transferred to or payments made to Herbert E. Harris Jr. Esq. from Anna H. Blankstein (not from the trust), during the past ten (10) years; An inventory of Anna Blankstein's personal property, tangible and intangible, under the custody and control of Herbert E. Harris Jr. Esq. at the time of Anna Blankstein's death; and records of any and all bank accounts in the name of Herbert E. Harris Jr. Esq. for the (10) years preceding the death of Anna H. Blankstein."

The defendant then filed a motion to quash the subpoena.

On July 13, 2017, plaintiff filed a complaint in the Providence County Superior Court for an accounting pursuant to G.L. 1956 § 18-13-15(b) of the Rhode

Island Uniform Custodial Trust Act (Custodial Trust Act or RIUCTA). The plaintiff sought a copy of the trust, full accounting of the trust, records of transfers of assets to the trust, records of Blankstein's assets or payments made to defendant from the trust, records of Blankstein's assets or payments made to defendant during the past ten years, and an inventory of Blankstein's personal property under the custody and control of defendant at the time of Blankstein's death. The defendant answered and filed a counterclaim requesting compensatory damages in the amount of $30,000 for the time and money spent addressing these issues and for emotional distress caused by plaintiff.

On August 7, 2018, defendant filed a motion for summary judgment on the basis that there was no genuine issue of material fact and that he was entitled to summary judgment in his favor. The defendant contended that, by its terms, the trust was not a custodial trust, and, therefore, plaintiff was not entitled to an accounting of the trust. In opposition to the motion for summary judgment, plaintiff contended that there remained genuine issues of material fact regarding whether defendant had complied with the terms of the trust. The plaintiff also argued that the trust "touch[ed] most of the bases" under the Custodial Trust Act so as to establish the trust as a custodial trust.

After two hearings, on February 27 and March 22, 2019, and an in camera review of the trust, the trial justice found in favor of defendant and granted summary

judgment. She found that Blankstein had not "complied with the statutory requirements for the creation of a custodial trust under the Rhode Island Uniform Custodial Trust Act." Further, she stated that "there are absolutely no indicia or terms set for the subject trust that would support a finding that Miss Blankstein created the trust pursuant to the Uniform Custodial Trust Act." An order entered on April 2, 2019, granting defendant's motion for summary judgment.

On April 1, 2019, plaintiff filed a premature notice of appeal. We remanded this case to the Superior Court for consideration of whether judgment should be entered in accordance with Rule 54(b) of the Superior Court Rules of Civil Procedure. Judgment entered on August 3, 2020, and, therefore, we accept plaintiff's appeal as timely. *See Goddard v. APG Security-RI, LLC*, 134 A.3d 173, 175 (R.I. 2016) (treating a premature notice of appeal as timely filed).

## II

### Standard of Review

"This Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice." *Lehigh Cement Co. v. Quinn*, 173 A.3d 1272, 1275 (R.I. 2017) (quoting *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016)). "We will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact

exists and that the moving party is entitled to judgment as a matter of law." *Midland Funding LLC v. Raposo*, 222 A.3d 484, 486 (R.I. 2019) (quoting *American Express Bank, FSB v. Johnson*, 945 A.2d 297, 299 (R.I. 2008)). "A litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (brackets omitted) (quoting *American Express Bank*, 945 A.2d at 299). "It is a fundamental principle that summary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously." *Lehigh Cement Co.*, 173 A.3d at 1275 (brackets omitted) (quoting *Botelho v. City of Pawtucket School Department*, 130 A.3d 172, 176 (R.I. 2016)).

### III

### Discussion

On appeal, plaintiff argues that there is a genuine issue of material fact as to whether defendant complied with the terms of the trust and consulted or involved the cotrustee in the final accounting or the distribution of the trust assets. He also argues that the hearing justice made several errors in determining that plaintiff did not have standing to request an accounting of the trust. First, plaintiff argues that the hearing justice erred in relying on *Miller v. Saunders*, 80 A.3d 44 (R.I. 2013), in

making her decision. Second, plaintiff argues that the hearing justice erred in failing to address plaintiff's standing as the administrator of Blankstein's estate.

**A**

**Rhode Island Uniform Custodial Trust Act**

We have previously had occasion to examine the pertinent provisions of the Custodial Trust Act. *See Miller*, 80 A.3d at 48-51. To establish a custodial trust, one must comply with the Custodial Trust Act. *See id.* at 50. The relevant sections of that act state:

> "(a) A person may create a custodial trust of property by a written transfer of the property to another person, evidenced by registration or by other instrument of transfer, executed in any lawful manner, naming as beneficiary an individual who may be the transferor, in which the transferee is designated, in substance, as custodial trustee under this chapter.

> "(b) A person may create a custodial trust of property by a written declaration, evidenced by registration of the property or by other instrument of declaration executed in any lawful manner, describing the property and naming as beneficiary an individual other than the declarant, in which the declarant as titleholder is designated, in substance, as custodial trustee under this chapter. A registration or other declaration of trust for the sole benefit of the declarant is not a custodial trust under this chapter." Section 18-13-2.

Further, under § 18-13-15(b), "[a] beneficiary * * * may petition the court for an accounting by the custodial trustee or the custodial trustee's legal representative."

# B

## The Terms of the Trust

The plaintiff's argument on appeal turns on whether the trust meets the statutory requirements under the Custodial Trust Act to establish a custodial trust. The plaintiff asserts that "there are a number of features of [the trust] that are in common with a custodial trust." Therefore, plaintiff argues that this is sufficient to establish a custodial trust.

"This Court reviews questions of statutory construction and interpretation *de novo*." *Miller*, 80 A.3d at 50 (quoting *Morel v. Napolitano*, 64 A.3d 1176, 1179 (R.I. 2013)). "When * * * statutory language is clear and unambiguous, we give the words their plain and ordinary meaning." *Id.* (quoting *Morel*, 64 A.3d at 1179). After previously examining RIUCTA, we held that its language was unambiguous to the effect that the Act "does not require a verbatim recitation of the statute's suggested language for the creation of a valid custodial trust." *Id.*

Here, the trust did not name defendant or Garelick as custodial trustee for the benefit of the beneficiary of the trust but rather named them as "the other Trustees." *See contra Miller*, 80 A.3d at 50 (finding that the deceased "identified 'Kristin Saunders as custodial trustee for the benefit of [his] minor children[,]'" and, therefore, concluding that "it is clear that he in fact created a custodial trust pursuant to RIUCTA"). The plaintiff has not pointed to any evidence in the record that

defendant or Garelick were intended to be or were designated as being custodial trustees. Nor do we find any evidence that Blankstein intended to create a custodial trust.

Under the Custodial Trust Act, a custodial trustee holds property for the benefit of the beneficiary. However, during Blankstein's life, the trustees held the property for the sole benefit of Blankstein herself, a circumstance specifically exempted under the provisions of § 18-13-2(b). If we were to accept plaintiff's broad interpretation of the act, then any trust with a designated trustee could be considered a custodial trust; this would directly contravene the purpose of RIUCTA. *See* § 18-13-2(h). A custodial trust is a creature of statute. It "does not displace or restrict other means of creating trusts." Section 18-13-2(h). Any trust that does not comport with the statute is enforceable—it is simply not considered a custodial trust. *Id.* It is clear to us that Blankstein did not create a custodial trust because the trust did not meet the requirements set forth in RIUCTA.

## C

### The Plaintiff's Standing as the Administrator of the Estate

The plaintiff also argues that he has standing to request an accounting of the trust in view of his status as the administrator of the estate, and he asserts that as administrator he "slips into the shoes" of Blankstein and has the right to any reports or accounting due to Blankstein under the trust.

Under the provisions of Blankstein's will, her entire residuary estate, after the payment of debts and expenses, was bequeathed to the other trustees to be administered under the terms of the trust. Thus, her assets became part of the trust estate and not the probate estate. *See Filippi v. Filippi*, 818 A.2d 608, 629 (R.I. 2003) (examining a pour-over provision in a will, this Court concluded "that a revocable inter vivos trust receives the same treatment in equity as a trust and is not more similar to a will contest"). As such, we are of the opinion that plaintiff lacked the authority to request an accounting from defendant either under RIUCTA or under common law.

For these reasons, we hold that the plaintiff did not have standing as the administrator of the estate to request an accounting.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

Justice Goldberg and Justice Long did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Irwin Shorr, as beneficiary of the Trust of Anna H. Blankstein v. Herbert Harris, as Trustee of the Trust of Anna H. Blankstein. |
| **Case Number** | No. 2019-203-Appeal. (PM 17-3276) |
| **Date Opinion Filed** | April 7, 2021 |
| **Justices** | Suttell, C.J., Robinson, and Lynch Prata, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jeffrey B. Pine, Esq. |
| | For Defendant:<br><br>Carol A. Zangari, Esq. |

SU-CMS-02A (revised June 2020)