March 24, 2025

**Supreme Court**

No. 2024-145-Appeal.
(PC 23-663)

Francisco Rosario, on behalf of          :
himself and all others so similarly
situated

v.                                       :

Nationstar Mortgage, LLC NKA Mr.         :
Cooper et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Francisco Rosario, on behalf of     :
himself and all others so similarly
situated

v.                 :

Nationstar Mortgage, LLC NKA Mr.    :
Cooper et al.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.** The plaintiff, in this uncertified class action brought by Francisco Rosario (Rosario), appeals from a Superior Court order granting the motion to dismiss by the defendants, Nationstar Mortgage, LLC NKA Mr. Cooper (Mr. Cooper) and The Bank of New York Mellon, as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA1 (BNYM). This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions, and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

- 1 -

## Facts and Travel

We derive the following facts from plaintiff's complaint, which, for the purposes of a motion to dismiss, are assumed to be true. *EDC Investment, LLC v. UTGR, Inc.*, 275 A.3d 537, 542 (R.I. 2022). Rosario brings this class action on behalf of himself and all others similarly situated against defendants for "collecting * * * illegal and unlicensed third-party loan servicing fees and advances expressly prohibited by the Security Instruments or by Applicable Law" on his mortgage. Rosario is the owner of 183-185 Laban Street, a property in Providence, Rhode Island. Mr. Cooper is a mortgage servicer located at 8950 Cypress Waters Blvd., Coppell, TX 75261. BNYM, located at 240 Greenwich Street, New York, NY 10007, was the trustee of a securitized trust that claimed to hold Rosario's mortgage and note at the time fees were collected from plaintiff's mortgage account.

On December 23, 2005, a deed to the property was conveyed to Rosario. The same day, Rosario executed a promissory note and mortgage deed in favor of Mortgage Electronic Registration Systems (MERS) as mortgagee and First Horizon Home Loan Corporation as lender. The mortgage was assigned to BNYM, and the transfer was recorded in the City of Providence Land Evidence Records. Sometime before the fall of 2016, Rosario was in default of the mortgage loan. In November of 2016, Rosario and defendants entered into a loan modification agreement that resolved the default and reinstated the note and mortgage. The modification

referenced the original mortgage's terms and conditions and required that the fee provisions remain in place.

On July 1, 2015, G.L. 1956 § 19-14.11-1 became effective, mandating that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation (DBR). Rosario alleges that defendants are parties to servicing agreements, which, in this case, granted servicing rights to Mr. Cooper over plaintiff's mortgage loan. Mr. Cooper received fees for its service of Rosario's loan. As servicer, Mr. Cooper was responsible for carrying out foreclosure proceedings with the consent of BNYM upon Rosario's default.[1]

Rosario alleges that both Mr. Cooper and BNYM collected illegal servicing fees and advances in the amount of 0.375 percent during the period in which Mr. Cooper was in violation of § 19-14.11-1. These fees were recouped based on the yearly balance of the principal of a pool of loans owned by the trust and were recovered from monthly payments and foreclosure proceeds. Rosario further alleges that defendants charged illegal fees that include inspection fees, convenience fees, attorneys' fees, appraisal fees, maintenance fees, eviction fees, and wire fees. He submits that approximately $410 in a "[p]roperty [i]nspection [f]ee[]" was charged to his account during a five-month period in 2016. The same year, Rosario avers,

---

[1] It was represented at oral argument that Rosario's default was cured by the loan modification agreement.

he was charged over a thousand dollars in "[l]egal [f]ees" and $9.95 in an illegal "E Pay Fee Assessed." In total, Rosario's complaint details $1,550.51 in illegal fees.

Ultimately, Rosario contends that Paragraph 14 of his mortgage contract specifically outlaws the fees that were charged, because defendants were unlicensed at the time the money was collected. The fees, in Rosario's estimation, were "[p]rohibited acts and practices" from a third-party loan servicer that operated in violation of Rhode Island law. Rosario contends that this illegal loan-servicing activity occurred from July 1, 2015, through December 28, 2016.[2]

On February 8, 2023, Rosario filed the instant complaint alleging breach of contract for the collection of illegal fees and seeking class certification. In lieu of submitting an answer, defendants filed a motion to dismiss the complaint. The plaintiff objected, to which defendants filed a reply. The hearing justice requested that the parties submit supplemental memoranda addressing similar cases, specifically the decision issued by the United States District Court for the District of Rhode Island in *Leone v. Nationstar Mortgage, LLC*, C.A. No. 21-323-JJM-LDA, and another Superior Court justice's determination in *Gaskell v. Ocwen Loan*

---

[2] Notwithstanding this eighteen-month period in which Rosario alleges that he was charged unlawful fees, plaintiff's counsel conceded at oral argument that Rosario cannot recoup fees that predated the parties' loan modification agreement. Consequently, we are left with a two-month period in which 0.375 percent was charged. Rosario's counsel was unable to confirm whether the amount in controversy was sufficient to satisfy the amount required to confer jurisdiction on the Superior Court.

*Servicing, LLC*, PC 22-7165.  In a written decision filed on February 6, 2024, the hearing justice granted defendants' motion to dismiss.  An order to that effect entered on March 20, 2024.  The plaintiff filed a timely notice of appeal.

**Standard of Review**

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Maltais v. Maltais*, 306 A.3d 449, 452 (R.I. 2024) (quoting *Jenkins v. City of East Providence*, 293 A.3d 1267, 1270 (R.I. 2023)).  "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Id.* (quoting *Jenkins*, 293 A.3d at 1270).  "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiffs' favor." *Id.* (quoting *Jenkins*, 293 A.3d at 1270).  In certain circumstances, "when a motion to dismiss includes documents not expressly incorporated in a complaint, * * * we have acknowledged a narrow exception for 'documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *EDC Investment, LLC*, 275 A.3d at 542-43 (quoting *Mokwenyei v. Rhode Island Hospital*, 198 A.3d 17, 22 (R.I. 2018)).

Notably, "allegations that are more in the nature of legal conclusions rather than factual assertions are not necessarily assumed to be true." *DiLibero v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 1013, 1016 (R.I. 2015) (brackets

- 5 -

and emphasis omitted) (quoting *Doe ex rel. His Parents and Natural Guardians v. East Greenwich School Department*, 899 A.2d 1258, 1262 n.2 (R.I. 2006)). "A motion to dismiss may be granted only 'if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts.'" *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 278 (R.I. 2011) (brackets omitted) (quoting *Estate of Sherman v. Almeida*, 747 A.2d 470, 473 (R.I. 2000)).

## Discussion

Rosario first argues that the Superior Court erred in granting defendants' motion to dismiss because defendants breached the mortgage contract by charging fees in violation of §§ 19-14.11-1 and 19-14.11-4(17). He continues that the term "involving lending," which is included in G.L. 1956 § 19-14-26.1(b), deserves a broad definition because § 19-14-1(33) discusses loans.[3] Rosario further points to the criminal sanctions outlined in § 19-14-26 to support his contention that defendants breached the contract.

According to Rosario, defendants' failure to obtain licensure under the statute while collecting servicing fees breaches the agreement's prohibition against violating "Applicable Law." Rosario submits that the Superior Court ignored the contractual language at issue to arrive at "a preordained conclusion" that the statute

---

[3] We presume that Rosario intended to reference G.L. 1956 § 19-14-1(35). Subsection 33 contains the definition of "Retail installment contract," while subsection 35 defines "Servicing," which is central to his argument.

did not provide a private right of action for borrowers. Rosario cites several cases from the United States District Court for the District of Rhode Island and maintains that the Superior Court erred by failing to follow persuasive federal precedent. He takes issue with the Superior Court's categorization of his complaint as "artful pleading" and argues that the licensure requirement of the statute helps to ensure that third-party loan servicers act responsibly when collecting a borrower's payments.

By contrast, defendants first contend that § 19-14-26.1 applies to lending and brokering, not loan servicing. The defendants note that the definitions of "lender" and "loan broker" do not discuss servicing. The defendants further attest that the statute does not prohibit a licensed lender from using an unlicensed servicer to collect fees on the loan. The defendants also argue that § 19-14.11-4 does not confer a private right of action on borrowers to recoup servicing fees.

Moreover, defendants advance that Paragraph 14 of the mortgage is unrelated to plaintiff's allegations because the clause specifies that refunds of fees will be conducted only if a law is finally interpreted to set a maximum amount of loan charges and the fees exceed that limit. The defendants state that no final interpretation of the laws applicable here exist and that § 19-14-26.1(b) applies only to lending and brokering.[4]

---

[4] At oral argument, defendants' counsel deemed any reference to this provision in Paragraph 14 as "irrelevant."

What is more, defendants declare that Rosario waived his right to challenge the fees because the fees predate a loan modification agreement that Rosario signed after he initially defaulted on the loan. To cure the default, Rosario agreed to pay all fees including the ones he challenged within the complaint. The defendants also contend that Rosario does not have standing to sue for the fees because he was not a party to the servicing agreement. They state that Rosario is not seeking to recover his fees; rather, he is trying to access the monies paid from the lender to the servicer sourced from the interest on Rosario's account. According to defendants, this does not confer Rosario standing to recoup fees. Lastly, defendants aver that Rosario's complaint should fail because the breach-of-contract claim is premised on violation of a statute with no private right of action.

"The determination of whether a contract's terms are ambiguous is a question of law to be decided by the court." *Botelho v. City of Pawtucket School Department*, 130 A.3d 172, 176 (R.I. 2016) (quoting *JPL Livery Services, Inc. v. Rhode Island Department of Administration*, 88 A.3d 1134, 1142 (R.I. 2014)). "We review questions of law *de novo*." *Id.* "A term in a contract is ambiguous when it is 'reasonably and clearly susceptible to more than one rational interpretation.'" *Id.* (quoting *Miller v. Saunders*, 80 A.3d 44, 49 (R.I. 2013)). "In determining whether language in a contract is ambiguous, 'we give words their plain, ordinary, and usual meaning. * * * The subjective intent of the parties may not properly be considered

by the Court; rather, we consider the intent expressed by the language of the contract.'" *Id.* (quoting *JPL Livery Services, Inc.*, 88 A.3d at 1142).

"[I]t is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Progressive Casualty Insurance Co. v. Dias*, 151 A.3d 308, 311 (R.I. 2017) (quoting *Whittemore v. Thompson*, 139 A.3d 530, 540 (R.I. 2016)). "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Id.* (quoting *Whittemore*, 139 A.3d at 540).

In pertinent part, Paragraph 14 of the mortgage states that the "[l]ender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law." The mortgage defines "Applicable Law"[5] as "all *controlling* applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." (Emphasis added.) Thus, the question before this Court is whether defendants' alleged violation of § 19-14.11-1

---

[5] "Applicable" means "affecting or relating to a particular person, group, or situation * * *." Black's Law Dictionary 123 (12th ed. 2024); *High Steel Structures, Inc. v. Cardi Corporation*, 152 A.3d 429, 435 (R.I. 2017) (examining the dictionary definition of a word to ascertain its plain meaning).

and § 19-14-26.1 are "Applicable Law[s]" under the agreement and, therefore, a breach of the contract.

Notably, § 19-14.11-1 provides that "[n]o person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license * * *." Section 19-14.11-1. The defendants acknowledge that, at the time the fees in question were collected, Mr. Cooper had not been issued a license by DBR.

However, penalty for violation of the statute is generally vested with the issuance of a civil penalty from DBR directly to the unlicensed servicer. *See generally* § 19-14-26. An exception to this lies in § 19-14-26.1, which declares "[i]n the case of any unlicensed transaction involving lending or loan brokering activities, the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor * * *." Section 19-14-26.1(b).

Nevertheless, this exception does not extend to Mr. Cooper's servicing fees because the exception applies only to lending and loan brokering activities. Section 19-14-26.1(b). While the statute does not define "transaction involving lending," the definition of both "lender" ("any person who makes or funds a loan") and "loan broker" ("any person or entity who * * * solicits, processes, negotiates, places or sells a loan") notably omit reference to the act of servicing a loan. Section

- 10 -

19-14-1(10)(i), (13). "Servicing" is defined elsewhere as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan * * * and making the payments to the owner of the loan * * * pursuant to the terms of the servicing loan documents or servicing contract." Section 19-14-1(35).

Therefore, we must conclude that § 19-14-26.1 does not permit a borrower to recoup fees that a third-party loan servicer collected while the servicer was unlicensed. The statute clearly applies to "lending" and "loan brokering activities[,]" neither of which involve the servicing fees paid here. Section 19-14-26.1; *see Finnimore & Fisher Inc. v. Town of New Shoreham*, 291 A.3d 977, 984 (R.I. 2023) ("[I]t is an accepted rule of statutory construction that an express enumeration of items in a statute indicates a legislative intent to exclude all items not listed.") (quoting *Terrano v. State Department of Corrections*, 573 A.2d 1181, 1183 (R.I. 1990)). While plaintiff urges us to broadly interpret "involving lending," we decline to do so in the face of the definitions provided by the General Assembly.

Further, "the function of prescribing remedies for statutory rights is a legislative responsibility and not a judicial task." *Stebbins v. Wells*, 818 A.2d 711, 716 (R.I. 2003) (brackets omitted) (quoting *Cummings v. Shorey*, 761 A.2d 680, 685 (R.I. 2000)). This Court has "held that the General Assembly's failure to include a civil-action enforcement provision within a statute indicated 'no private cause of action for damages [under the statute] was intended.'" *Id.* (quoting *Cummings*, 761

A.2d at 685). Here, aside from a brief provision that allows borrowers to recoup fees collected by *unlicensed lenders or loan brokers*, the statute is silent on a borrower maintaining a right to enforce a licensure requirement for a loan servicer. *See* § 19-14-26.1(b). Therefore, we will not infer a private cause of action where one has not been included by the General Assembly. *See Shine v. Moreau*, 119 A.3d 1, 10 (R.I. 2015) ("[I]t is not within our power to read language into a statute which the General Assembly chose not to put there."). Accordingly, we discern no error in the Superior Court's conclusion that no private right of action exists under the statute.

## Conclusion

For the reasons set forth herein, we affirm the order of the Superior Court. The papers may be returned to the Superior Court.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Francisco Rosario, on behalf of himself and all others so similarly situated v. Nationstar Mortgage, LLC NKA Mr. Cooper et al. |
| **Case Number** | No. 2024-145-Appeal. (PC 23-663) |
| **Date Opinion Filed** | March 24, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Todd S. Dion, Esq. |
| | For Defendants <br><br> Krystle G. Tadesse, Esq. |